**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: JAY A. DICOSTANZO, Debtor, ___ DEBBERA DICOSTANZO, Appellant, v. PATRICIA J. ZIMMERMAN; et al., Appellees. | No. 08-56593 <br><br> D.C. No. 5:07-cv-01558-CAS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 6, 2010
Pasadena, California

Before: HALL, FISHER and BYBEE, Circuit Judges.

   After two hearings, the bankruptcy court entered an order granting trustee

P.J. Zimmerman's motion to approve a compromise settling the bankruptcy

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

estate's legal claim to a residence. Debbera DiCostanzo appeals the district court's affirmance of the order of the bankruptcy court. We review a bankruptcy court's order approving a motion to compromise for an abuse of discretion, *In re A&C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986), and we affirm.

Contrary to DiCostanzo's argument, the bankruptcy court applied the correct legal standard to the trustee's motion to approve a compromise under Fed. R. Bankr. P. 9019(a). Although the bankruptcy court's statements were general and conclusory, the record reveals the court applied *A&C Properties*'s four-factor test to determine the fairness, reasonableness, and adequacy of the proposed compromise. Under this test, the bankruptcy court's approval of the compromise was not an abuse of discretion.

We also hold the bankruptcy court did not err by further treating the trustee's motion to approve the compromise as a motion to approve the sale of an asset under 11 U.S.C. § 363. *See In re Mickey Thompson Entm't Group, Inc.*, 292 B.R. 415, 421–22 (9th Cir. BAP 2003). Additionally, the bankruptcy court complied with 11 U.S.C. § 363(i) by estimating the value of the compromise to the bankruptcy estate and by offering DiCostanzo the chance to purchase the bankruptcy estate's claim to the residence at this price. Nevertheless, DiCostanzo argues the court erred by refusing to offer her an order 1) allowing her to use the residence as collateral for a loan to obtain the necessary funds to purchase the

trustee's legal claim; and 2) quieting title to the residence in her favor.  We reject

this argument because the bankruptcy court could not offer DiCostanzo the order

she requested; the trustee was selling a legal claim to the residence and not the

residence itself.

    **AFFIRMED.**